of the beneficiaries. Did the question relate to the effect of a conveyance by the plaintiffs, without such approval, to one chargeable with notice of the powers of the trustees, the authorities cited would be in point. The trustees were the owners in fee of the property at the time of the tax sale. Thereafter the title was apparently in the state. No one will question their authority to attempt to save the property for their estate. They evidently believed at the time that the better course was to ask the state to sell; expecting, undoubtedly, as is usual in such cases, that they would be able to purchase the property at the sale for the amount of the taxes, charges, etc. In this they were mistaken, as the defendant overbid their agent. They could waive irregularities in the proceeding, and, having actually procured the sale to be made, they are now estopped from asserting that they made a mistake in so doing.

The order denying a motion for a new trial should be affirmed, with costs. All concur.

---

### JACKSON et al. v. ROWE.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

Appeal from Special Term, Richmond County.

Action by Henry H. Jackson and others, as executors and trustees of the will of Peter A. H. Jackson, deceased, against Mary E. Rowe. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

PER CURIAM. Judgment affirmed, with costs, on the authority of Jackson v. Rowe (decided herewith) 94 N. Y. Supp. 568

---

### WALLACH v. MANHATTAN ELEVATED RY. CO. et al.

(Supreme Court, Appellate Division, First Department. June 16, 1905.)

1. DEATH OF WITNESS—TESTIMONY ON FORMER TRIAL—COMPETENCY.
   Where an expert who testified on a former trial of a cause died before a subsequent trial, and his testimony on the former trial was given without objection on the ground that he was not shown to be qualified, an objection on that ground taken at the subsequent trial was unavailing.
   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2401.]

2. SAME—EXPERT—STATUTE—CONSTRUCTION.
   Code Civ. Proc. § 830, authorizing the reading of testimony on a new trial of a witness on a former trial of an action who has since died, is applicable to the testimony of an expert.

3. SAME.
   Under Code Civ. Proc. § 830, the court has no discretion to refuse to permit a party to read the testimony of a deceased witness.
   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2401.]

**4. SAME—WAIVER OF EXCEPTION.**

Notwithstanding the practice of the trial court to permit no more than one expert on a side, a party who is denied the right, under Code Civ. Proc. § 830, to read the testimony of a deceased expert, does not waive his exception to the denial of such right by calling another expert.

Appeal from Special Term, New York County.

Action by Karl M. Wallach against the Manhattan Elevated Railway Company and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Philip Carpenter, for appellant.

Arthur P. Townsend, for respondents.

LAUGHLIN, J. This is an action by the owner of premises situated on the westerly side of Second avenue, between Ninety-Sixth and Ninety-Seventh streets, known as Nos. 1873, 1875, and 1877, to enjoin the operation of the elevated railroad in Second avenue, and for damages to the plaintiff's easements of light, air, and access. There was a former trial of the action in the Court of Common Pleas, upon which a judgment in favor of the plaintiff was entered upon a decision awarding him $4,370. Upon appeal the judgment was reversed by the General Term of the Common Pleas, and a new trial was granted. Wallach v. Manhattan El. Ry. Co. (Com. Pl.) 16 N. Y. Supp. 156. Upon the former trial one George B. Curtis, a real estate broker, gave material evidence in favor of the plaintiff. Prior to the last trial he died. After proving his death, counsel for the plaintiff proceeded to read his testimony given on the former trial. The preliminary testimony tending to show his qualifications as an expert, and that he had examined the premises and was familiar therewith, was read from the record of the former trial, and then counsel for the plaintiff read therefrom the following question propounded to him, to wit: "Will you state what is the present value of these houses in their present condition, with the railroad in front of them?" Thereupon counsel for the defendant interposed the objection that the witness was not shown to be qualified. It does not appear that such objection was taken on the former trial, and therefore it was not availing to the defendant upon the new trial, since, by the defendant's failure to interpose the objection upon the former trial, the plaintiff, by the death of the witness in the meantime, was deprived of the opportunity of giving further evidence tending to qualify the witness. Moreover, we are of opinion that the evidence did show that the witness was qualified to testify on the subject concerning which he was interrogated.

The defendant upon the new trial interposed the further objection that the provisions of section 830 of the Code of Civil Procedure which authorize the reading of testimony upon a new trial of a witness who testified upon a former trial of an action, but has since died, do not authorize the reading of expert testimony, and that, if they do, the court is vested with discretion to refuse to permit the

reading thereof upon the ground that the party should be required to call a living expert. The objection was sustained, and counsel for the plaintiff took an exception. It does not appear that counsel for the plaintiff offered to read other testimony of the deceased witness, but it is manifest that other material testimony was given by the witness. Counsel for the plaintiff was justified in inferring that the court intended to exclude all the testimony of the deceased witness. We are of opinion that the exclusion of the evidence was error which requires a reversal of the judgment. The court has no discretion to refuse to permit a party to read the testimony of a deceased witness. The statute gives the party the absolute right to read such testimony upon a new trial. The party has a right to select his own witnesses, and it is not the province of opposing counsel or of the court to dictate to him in this regard. Had the court permitted the reading of this evidence, the opinion of the witness and the reasons assigned therefor might have been so convincing that, instead of dismissing the complaint upon the ground that the plaintiff sustained no damages, the court would have reached the conclusion that the plaintiff was entitled to recover damages.

It is further urged that the plaintiff waived this exception by calling another expert. This claim of waiver is based upon the theory that it is the practice of the trial court to permit only one expert on a side to be called in these cases. The plaintiff was not obliged, for the purpose of saving his legal right to the benefit of this exception, to abandon the introduction of further evidence. Being deprived by an erroneous ruling of the court of the evidence to which he was legally entitled, he was at liberty to offer such further evidence as might be at hand, and, in case of an adverse decision upon the merits, to urge the exception.

For this error, therefore, and without considering the other exceptions urged, or the merits of the decision upon the evidence adduced, the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.